UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAVEL FERRERA PARRA,

                 Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION REGION 2; SOCIAL SECURITY ADMINISTRATION OFFICE OF HEARINGS AND OPERATIONS; SSA REGION 2 APPEALS AND FOIA OFFICERS,

                 Defendants.

1:25-CV-4456 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Ravel Ferrera Parra, of South Bound Brook, New Jersey, filed this action *pro se*, asserting claims for declaratory relief, injunctive relief, and damages.[1] He sues: (1) the Social Security Administration's Region 2; (2) the Social Security Administration's Office of Hearings Operations; and (3) Social Security Administration "Region 2 Appeals and FOIA Officers." The Court construes Plaintiff's complaint as asserting claims for declaratory and injunctive relief under the Social Security Act ("SSA"), the Administrative Procedure Act ("APA"), and the Freedom of Information Act ("FOIA"), as well as claims for damages under the Federal Tort Claims Act ("FTCA"). For the following reasons, the Court transfers this action to the United States District Court for the District of New Jersey.

---

[1] Plaintiff filed, with his 588-page complaint (ECF 1), an application to proceed *in forma pauperis* (ECF 2), a motion for the appointment of *pro bono* counsel (ECF 6), a motion "for judicial notice of administrative history and exhibits (ECF 7), a memorandum of law "under Rule 106 and due process" (ECF 8), a memorandum of law "in support of Plaintiff's motion for preliminary injunction" (ECF 9), and a memorandum of law "in support of Plaintiff's motion to enforce Rule 106 and complete the administrative record" (ECF 10).

## DISCUSSION

**A.     Transfer of claims seeking judicial review under the SSA**

To the extent that Plaintiff asserts claims seeking judicial review of an administrative decision of the Social Security Administration, pursuant to the SSA, 42 U.S.C. §§ 405(g), 1383(c)(3), with regard to his application for Social Security benefits, he has filed such claims in the wrong venue. An action seeking such relief may be brought only in:

> the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [Section 1383(c)(1)] shall be subject to judicial review as provided in [S]ection 405(g) of this title to the same extent as the Commissioner's final determinations under [S]ection 405 of this title.").

Plaintiff alleges that he resides in South Bound Brook, New Jersey, within the District of New Jersey. *See* 28 U.S.C. § 110 (the State of New Jersey constitutes one federal judicial district). Because Plaintiff does not allege that he resides within this judicial district,[2] and as he makes no allegations about a principal place of business, venue is not proper in this court under Section 405(g) or Section 1383(c)(3). Because Plaintiff resides in the District of New Jersey, the proper venue for any of his claims in which he seeks judicial review of an administrative decision of the Social Security Administration with regard to his application for Social Security

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

benefits is the United States District Court for the District of New Jersey, not this court. Accordingly, the Court transfers those claims to that court. *See* 28 U.S.C. § 1406(a).

**B.     Venue for claims for relief under the APA, FOIA, and the FTCA**

    **1.     APA**

The appropriate venue provision for Plaintiff's claims under the APA is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action brought against a federal agency or a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

While Plaintiff does not indicate where any of the individual defendants reside, he seems to allege facts showing that at least one of the institutional defendants is a Social Security Administration office located in New York, New York, within this judicial district, which seems to be the basis for his assertion that this court is a proper venue for his claims under APA, pursuant to Section 1391(e)(1)(A). Plaintiff also seems to allege, however, that a substantial part, if not, almost all of the alleged events took place in various locations, including in various Social Security Administration offices, within the State of New Jersey; he alleges very little, if anything, showing that any of the alleged events took place within this judicial district. Thus, while there is a possibility that this court may be a proper venue for Plaintiff's claims under the

3

APA, pursuant to Section 1391(e)(1)(A) and/or (B), it is clear that the United States District Court for the District of New Jersey is a proper venue for Plaintiff's claims under the APA, pursuant to Section 1391(e)(1)(B). In addition, because Plaintiff resides in the State of New Jersey, within the District of New Jersey, *see* § 110, and there does not appear to be any real property involved in his claims under the APA, the United States District Court for the District of New Jersey, and not this court, is a proper venue for those claims, pursuant to Section 1391(e)(1)(C).

### 2. FOIA

The venue provision for claims under FOIA provides that:

> [o]n complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(4)(B).

As discussed above, Plaintiff resides in the District of New Jersey, thus, the United States District Court for the District of New Jersey is a proper venue for Plaintiff's claims under FOIA. Plaintiff does not indicate where his principal place of business is, so the Court cannot determine whether that portion of the FOIA venue provision allows for venue in this court or in another federal district court. Plaintiff seems to allege that at least some of the records that are at issue may be situated in a Social Security Administration office in New York, New York, within this judicial district, which would make this court a proper venue for Plaintiff's claims under FOIA. In addition, however, he attaches multiple documents to his complaint that seem to indicate that most, if not, all of the documents that he seeks are likely situated in various Social Security Administration offices within the State of New Jersey, which would, again, make the United

States District Court for the District of New Jersey a proper venue for Plaintiff's claims under FOIA.

### 3. FTCA

With respect to claims brought under the FTCA, they must be brought in the federal district court for "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). While Plaintiff seems to allege that at least some of the events that are the bases for his claims under the FTCA occurred within this judicial district, the vast majority of them seem to have occurred within various locations within the State of New Jersey, within the District of New Jersey. In addition, Plaintiff alleges that he resides within the State of New Jersey, within that same judicial district. Thus, while there is a possibility that this court is a proper venue for Plaintiff's claims under the FTCA, it is clear that the United States District Court for the District of New Jersey is a propre venue for those claims.

**C.      Transfer of claims under the APA, FOIA, and the FTCA**

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the District of New Jersey appears to be appropriate for Plaintiff's claims under the APA, FOIA, and the FTCA. As discussed above, the Court has already determined that that court is the proper venue for Plaintiff's claims in this action in which he seeks judicial review under the SSA. *See supra* at 2-3. In addition, with respect to Plaintiff's claims under the APA, FOIA, and the FTCA, this Court has determined that the United States District Court for the District of New Jersey is a proper venue for each of those types of claims as well. *See supra* at 3-5. Moreover, Plaintiff resides within that judicial district, it appears that a substantial portion of the alleged events occurred within that judicial district, and it is reasonable to expect that a majority of relevant documents and witnesses would also be located within that judicial district. Thus, the United States District Court for the District of New Jersey, which is a proper venue for all of Plaintiff's claims asserted in this action, appears to be a more convenient forum for Plaintiff's claims under the APA, FOIA, and the FTCA. Accordingly, the Court additionally transfers Plaintiff's claims under the APA, FOIA, and the FTCA to the United States District Court for the District of New Jersey. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether he is entitled to the relief he seeks with respect to his

pending motions and other requests, are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court. The Court directs the Clerk of Court to terminate, on this court's docket of this action, any pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 4, 2025
        New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge