UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAVEL FERRERA PARRA,

                Plaintiff,

       -against-

SOCIAL SECURITY ADMINISTRATION
REGION 2, et al.,

                Defendants.

1:25-CV-4456 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated and entered on June 4, 2025, the Court construed Plaintiff's complaint as asserting claims under the Social Security Act ("SSA"), the Administrative Procedure Act ("APA"), the Freedom of Information Act ("FOIA"), and the Federal Tort Claims Act ("FTCA"), and directed the transfer of this *pro se* action to the United States District Court for the District of New Jersey. (ECF 13.) On June 6, 2025, Plaintiff filed a letter inquiring as to whether all of his submissions, including those filed on June 1 or June 2, 2025, had been docketed before the Court issued its June 4, 2025 order.[1] (ECF 14.) On that same date, June 6, 2025, Plaintiff filed what he styles as a "motion for reconsideration and clarification" under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule 59(e)" and "Rule 60(b)"), challenging the Court's June 4, 2025 order. The Court liberally construes Plaintiff's motion as one seeking reconsideration relief under Local Civil Rule 6.3, and as seeking relief from a judgment or order under Rule 60(b). *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the

---

[1] That letter refers to an "Exhibit J" and an "Exhibit L" (ECF 12), neither of which were received by the court.

limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). For the reasons set forth below, the Court denies the motion.

## DISCUSSION

A.     Relief under Local Civil Rule 6.3

The Court must deny Plaintiff reconsideration relief under Local Civil Rule 6.3. A party who seeks such relief must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009). The standard for a motion for relief under Rule 59(e) is the same as the one for a motion for relief under Local Civil Rule 6.3. *Id.* "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration [under Local Civil Rule 6.3] is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which [the moving] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (citations omitted)).

In the Court's June 4, 2025 order, the Court construed Plaintiff's complaint as seeking relief under the SSA, the APA, FOIA, and the FTCA. (ECF 13, at 1.) In that same order, the Court analyzed, under the relevant venue provisions for each of those types of claims, whether this court was a proper venue and, if a proper venue, the most appropriate venue for those claims. (*See id.* at 2-6.) With respect to those claims that the Court construed as brought under the SSA,

in which the Court understood that Plaintiff is seeking judicial review of an administrative decision of the Social Security Administration with regard to his application for Social Security benefits, the Court determined that, under the relevant venue provisions, 42 U.S.C. §§ 405(g) and 1383(c)(3), this court is not a proper venue for those claims, but that the federal district court for the judicial district in which Plaintiff resides – the United States District Court for the District of New Jersey – is a proper venue for those claims. (*Id.* at 2-3.) The Court then ordered the transfer of those claims to that court under 28 U.S.C. § 1406(a). (*Id.* at 3.)

As to Plaintiff's claims under the APA, which include his claims of federal constitutional violations, the Court determined that, under the relevant venue provision for those claims, 28 U.S.C. § 1391(e)(1), while there is a possibility that this court may be a proper venue for those claims, it is clear that the United States District Court for the District of New Jersey is also a proper venue because Plaintiff alleges that a substantial part, if not, almost all of the alleged events had occurred within the District of New Jersey and because Plaintiff resides within that judicial district. (*Id.* at 3-4.)

The Court then examined whether this court is a proper venue for Plaintiff's claims under FOIA. (*Id.* at 4-5.) The Court acknowledged the possibility that, under the relevant provision, 5 U.S.C. § 552(a)(4)(B), because some of the records that are at issue may be situated in a Social Security Administration office located in New York, New York, this court could be a proper venue for Plaintiff's claims under FOIA. The Court also held that, under that same venue provision, however, the United States District Court for the District of New Jersey is also a proper venue for those claims because of Plaintiff's residence within the District of New Jersey and because Plaintiff seems to indicate in his complaint that most, if not, all of the documents

that he seeks are likely situated in various Social Security Administration offices within the State of New Jersey, within the District of New Jersey. (*Id.*)

With respect to Plaintiff's claims for damages, which were construed as brought under the FTCA, the Court determined that, under the relevant venue provision for those claims, 28 U.S.C. § 1402(b), there is the possibility that this court is a proper venue for those claims because Plaintiff alleges that at least some of the events that are the bases for those claims occurred within this judicial district. (*Id.* at 5.) The Court also determined, however, that under that same venue provision, the United States District Court for the District of New Jersey is a proper venue for Plaintiff's claims under the FTCA because Plaintiff alleges that he resides within the District of New Jersey and because a vast majority of the alleged events also took place within that judicial district. (*Id.*)

After having determined that the United States District Court for the District of New Jersey, and not this court, was a proper venue for Plaintiff's claims under SSA, and after ordering the transfer of those claims to that court under 28 U.S.C. § 1406(a), the Court then analyzed whether to transfer Plaintiff's remaining claims (his claims under the APA, FOIA, and the FTCA) to that court under 28 U.S.C. § 1404(a), or allow them to proceed in this court. (*Id.* at 5-6.) The Court determined that it would be more appropriate to transfer those claims to the United States District Court for the District of New Jersey under Section 1404(a), along with Plaintiff's claims under the SSA that it had already ordered transferred to that court under Section 1406(a), holding that that court is a more convenient forum for Plaintiff's claims under the APA, FOIA, and the FTCA because Plaintiff resides within the District of New Jersey and because it is reasonable to expect that a majority of the relevant documents and witnesses would also be

located within that judicial district. (*Id.* at 6.) The Court therefore ordered this entire action transferred to that court. (*Id.*)

Plaintiff, in his motion, objects to the Court's construing his complaint as asserting claims under the SSA and the FTCA. (ECF 15, at 2.) It seems clear to the Court, however, that Plaintiff is indeed seeking relief under the SSA and the FTCA, along with relief under the APA and FOIA. Thus, for the reasons set forth in the Court's June 4, 2025 order, the United States District for the District of New Jersey, and not this court, is *the* proper venue for Plaintiff's claims under the SSA, and *the most appropriate* venue for Plaintiff's claims under the APA, FOIA, and the FTCA. Yet, even if the Court were to accept Plaintiff's assertions that his complaint is only raising claims under the APA (which include his claims of federal constitutional violations) and his claims under FOIA, for the reasons discussed in the Court's June 4, 2025 order, the United States District Court for the District of New Jersey, and not this court, remains *the most appropriate* venue for those claims. In other words, Plaintiff has not provided any controlling law or factual matters that would cause the Court to vacate its June 4, 2025 order transferring this action to that court. The Court therefore denies Plaintiff reconsideration relief under Local Civil Rule 6.3.

**B.     Relief under Rule 60(b)**

The Court must also deny Plaintiff's motion to the extent that Plaintiff seeks relief under Rule 60(b). Under that rule, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, for the reasons discussed above, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

Inasmuch as Plaintiff seeks relief under Rule 60(b)(6), the Court also denies that relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A motion seeking relief under Rule 60(b)(6) must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore also denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court construes Plaintiff's latest motion (ECF 15) as one seeking reconsideration relief under Local Civil Rule 6.3, and as seeking relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 9, 2025
         New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                   Chief United States District Judge